## SIMMS *v.* BIALY HARDWARE & SUPPLY CO.

1. CORPORATIONS—DISSOLUTION—METHODS OF WINDING UP—SALES.
   The dissolution of a mercantile corporation is not effected
   by failure to elect officers or by sale or assignment of all
   the corporate property or by the transfer to one stock-
   holder of all the corporate stock, or by cessation of all
   corporate business and acts; nor by the death of its stock-
   holders, or by insolvency.

2. CORPORATIONS—DISSOLUTION—STATUTES—INEFFECTUAL ATTEMPT
   TO DISSOLVE.
   A private corporation organized under Act No. 232, Pub.

Acts 1903 (4 How. Stat. [2d Ed.] § 9532 *et seq.*), is not authorized to effect a dissolution of its corporate existence by filing a notice of the sale of its assets to one of the stockholders and of the intention to cease doing business; no express provision of law is included within such statutory provisions whereby a corporation so organized could become dissolved and wind up its affairs voluntarily, except by statutory proceedings in court.

3. SAME.

Where a private corporation organized for the business of dealing at wholesale in hardware and supplies made an ineffectual and invalid attempt to dissolve, by disposing of all its assets to one of the stockholders, ceasing business, and filing notice of dissolution, one of the creditors of such company was entitled to issue process against it after the attempted winding up by serving a summons in justice's court upon the last duly elected president; and the court had jurisdiction to render a valid judgment against it.

4. SAME—SUCCESSORS—FRAUDULENT CONVEYANCES.

But the fact that the corporation was not properly dissolved did not render a conveyance of its property and assets to one of several stockholders fraudulent to a creditor having an unliquidated demand under a guaranty which the creditor claimed was breached subsequent to the time of transfer and attempted dissolution.

5. SAME—EQUITY—CREDITOR'S SUITS—FRAUDULENT CONVEYANCES.

Where a complainant filed a judgment creditor's bill asking that a conveyance of all its property from defendant corporation to its principal stockholder be set aside as fraudulent to creditors and it appeared from the evidence that no purpose existed to hinder, delay or prevent collection of their claims by creditors, that complainant's judgment was for defective work and materials furnished to him under a guaranty more than six years before the commencement of suit, the court of equity would not interfere in complainant's favor to avoid the transfer as fraudulent.

Appeal from Bay; Collins, J. Submitted April 19, 1915. (Docket No. 6.) Decided July 23, 1915.

Bill by Henry W. Simms against the Bialy Hardware & Supply Company and others to set aside a transfer

of the assets of said corporation. From a decree for complainant, defendant Robert C. Bialy appeals. Reversed.

*Coumans & Gaffney,* for appellant.

*Stoddart & McMillan,* for appellee.

OSTRANDER, J.  The Bialy Hardware & Supply Company was organized in December, 1904, under Act No. 232, Pub. Acts 1903 (4 How. Stat. [2d Ed.] § 9532 *et seq.*). The limit of its life as expressed in its articles of incorporation was 30 years. Its capital stock was $20,000 in 200 shares, of which Robert C. Bialy held 170, A. D. Bialy and W. H. McKerrigan each held 15 shares, its object to carry on the "business of wholesale and retail dealers in hardware and supplies" at Bay City. The last report of this corporation was filed April 16, 1909, and was dated March 12, 1909, at which time the holders of stock appeared to be the same as upon its organization. Of the three persons named R. C. Bialy was president, W. H. McKerrigan was vice president, and A. D. Bialy was secretary. In August, 1911, a notice was filed with the secretary of State and in the office of the register of deeds for Bay county, which reads as follows:

"MICHIGAN NOTICE OF DISSOLUTION.
"The Bialy Hardware & Supply Company, Bay City,
"Michigan.
"June 1st, 1911.
"We, the undersigned, being a majority of the last board of directors of the Bialy Hardware & Supply Company, a corporation, doing business under the provisions of Act No. 232, Public Acts of 1903, hereby give notice in accordance with the requirements of section 12 of said act, that said corporation has been dissolved by mutual consent by sale of its property and franchises to Robert C. Bialy.
"ROBERT C. BIALY,
"WILLIAM H. McKERRIGAN,
"Majority of directors."

The business was continued by the defendant Robert C. Bialy under the name Bialy Hardware & Supply Company, and a certificate was filed with the county clerk of Bay county in accordance with Act No. 101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626 *et seq.*), to the effect that Robert C. Bialy was the proprietor. In September, 1913, a corporation named Bialy Hardware Company was organized under the act already referred to, with a capital of $75,000, the incorporators being Robert C. Bialy, who owns 748 shares, and McKerrigan and one M. S. Babcock, who each owned 1 share of the stock. There was no interval in the conduct of the business, whether by the original corporation, by Bialy, or the corporation last named. Mr. Bialy paid nothing when he succeeded to the assets of the first corporation.

The complainant did some business with the corporation first above named, and, growing out of it, he claimed damages for the breach of a guaranty of the corporation. In 1911 he called the attention of officers of the corporation to the claim for damages which he was making. In June, 1913, he sued the Bialy Hardware & Supply Company in justice's court. By the record kept by the justice it appears that the return day of the summons was June 18, 1913; that it was served upon the defendant by delivering a copy thereof to Robert C. Bialy, its president, in the city of Bay City, in said county. On the 17th day of June, Robert C. Bialy informed the justice that he would not be in the city on the return day of the summons, and asked that the cause might be adjourned. On the return day of the summons, there was an appearance for the plaintiff by an attorney, who proved his authority to appear, and at the request of defendant the cause was adjourned to July 2, 1913, at 9 o'clock a. m. There was an appearance for plaintiff, but none for the defendant, on the adjourned day, and upon motion of the

plaintiff and cause shown another adjournment was taken until August 1, 1913, at the same hour. On the last adjourned day, the plaintiff appeared in person and by attorney, and declared against the defendant in assumpsit, filing a written declaration. Robert C. Bialy appeared by an attorney and filed a written motion to dismiss the cause, setting up:

"*First,* that at time of commencement of suit there was not in existence, nor has there since been in existence, a corporation known as Bialy Hardware & Supply Company; *second,* that process was served on Robert C. Bialy, and that he had no connection whatsoever at, or subsequent to, the commencement of this suit, with a corporation known as Bialy Hardware & Supply Company; *third,* that Bialy Hardware & Supply Company, a corporation, voluntarily ceased doing business in accordance with the statutes of the State of Michigan prior to the commencement of this suit. Affidavit of Robert C. Bialy also filed in support of motion."

There was another continuance to September 5, 1913, to permit counsel to file briefs, at which time there were the same appearances as before, and no other appearance on the part of defendant, and, after waiting an hour, the justice proceeded to hear the cause. He overruled the motion to dismiss. There was then no further or other appearance for defendant, testimony was taken, and a judgment was entered for the plaintiff for $97 and costs. In time a transcript was taken to the circuit court for Bay county, and a writ of execution was issued, which was returned wholly unsatisfied. The judgment creditor, the complainant, thereupon filed the bill in this cause. The bill was answered by defendants Robert C. Bialy and Bialy Hardware Company, but not by the judgment debtor, which was defaulted. At the hearing the defendant Robert C. Bialy presented three principal contentions, which are:

"*First.* That complainant has no valid judgment against Bialy Hardware & Supply Company, a corporation, for the following reasons: (*a*) Bialy Hardware & Supply Company was not in existence at the time of the commencement of the suit in justice's court; (*b*) Robert C. Bialy was not an officer of the Bialy Hardware & Supply Company at the time of the commencement of said suit, and for this reason there was no service of process, and therefore no jurisdiction in the justice's court to find the alleged judgment; (*c*) Bialy Hardware & Supply Company was not an existing corporation, for the reason that its existence had terminated prior to the commencement of said suit.

"*Second.* That complainant has an adequate remedy at law, provided him by section 21 of Act 232, Public Acts of 1903, the act under which Bialy Hardware & Supply Company was incorporated.

"*Third.* That the bill of complaint should be dismissed for the reason that at the time of the transfer of the assets of Bialy Hardware & Supply Company to Robert C. Bialy there was no valid debt in existence, and therefore such transfer did not constitute a fraud upon complainant, either in fact or in law, so as to confer jurisdiction upon a court of equity."

The circuit judge was of opinion that the corporation debtor had never been dissolved; that the action of Robert C. Bialy in requesting before the return day of the summons that the cause might be adjourned on the return day was in law a general appearance in that proceeding; that the judgment rendered was valid; that 3 Comp. Laws, § 9760 (5 How. Stat. [2d Ed.] § 13533), authorizes this suit, and a decree was entered for complainant in accordance with the prayer of the bill. The decree is that the defendant Bialy Hardware & Supply Company pay complainant his judgment; that Robert C. Bialy and the Bialy Hardware Company are trustees for the Bialy Hardware & Supply Company, and required to pay to complainant out of money, property, etc., which were received from and formerly held in the possession of the Bialy Hardware & Supply Company; that of such property there

was sufficient in the hands of the last-named to pay the judgment; and that complainant was entitled to an execution to enforce the collection. From this decree Robert C. Bialy has appealed.

The act under which the corporation was organized as amended by Act No. 137, Pub. Acts 1907 (4 How. Stat. [2d Ed.] § 9543), contains, in section 12, a provision for making reports to the secretary of State of certain corporate actions, including the following:

"And in case a corporation organized or doing business under the provisions of this act shall be dissolved by process of law, or whose term of existence shall terminate by limitation, or whose property and franchises shall be sold at mortgage sale, or at private sale, or if for any reason the attitude of the corporation toward the State shall be changed from that set forth in the articles of association, it shall be the duty of the last board of directors of such corporation within thirty days thereafter to give written notice of such change to the secretary of State, signed by a majority of such directors and accompanied by a recording fee of fifty cents, which said notice shall be recorded as amendments are required to be recorded."

Section 21 of Act No. 232, Pub. Acts 1903, is:

"If the capital stock of any such corporation shall be withdrawn, and refunded to the stockholders before the payment of all the debts of the corporation for which such stock would have been liable, the stockholders of such corporation shall be jointly and severally liable to any creditor of such corporation, in an action founded on this statute, to the amount of the sum refunded to him or them respectively."

It is the contention of appellant that this act is a consolidation of previous laws, with some new provisions, and that it must be looked to, to find the powers of corporations existing by virtue of its provisions; that in the sections which have been referred to is found the implied, if not express, power of voluntary dissolution, with a remedy for creditors who would

otherwise be injured by such voluntary action. It is said that Robert C. Bialy merely withdrew his share of the capital stock of the corporation, and that the remedy of creditors of the corporation in such circumstances is clear. The question is not whether complainant, under the circumstances disclosed, had a remedy under this act, but is whether he is entitled to the remedy he has chosen.

As between the State and a private domestic corporation, there can be no voluntary dissolution of the corporation except as the State permits it.

"A dissolution is not effected by a failure to elect officers; nor by a sale or assignment of all the corporate property; nor by the fact that one person owns all the shares of stock; nor by a cessation of all corporate business and acts; nor by the death of its stockholders; nor by insolvency." 2 Cook on Corporations, § 631.

The legislature has by a general law (2 Comp. Laws, chap. 300) provided for the voluntary dissolution of corporations. It is not claimed that the Bialy Hardware & Supply Company was dissolved under the provisions of the law.

I do not find in Act No. 137 any permission to sell or assign all of the corporate property and franchises. A general reference is made in section 34 of Act No. 232 to chapter 230, 3 Comp. Laws, for applicable provisions of law. Turning to the chapter referred to, we find provisions for selling property and franchises of private corporations upon executions, and for the sale of all of the corporate property and franchises to another corporation formed for the same corporate purposes. Sections 8572, 8573 (4 How. Stat. [2d Ed.] §§ 9605, 9606). In section 8552 (4 How. Stat. [2d Ed.] § 9595), it is provided that whenever all corporate property and franchises have been sold upon mortgage foreclosure, the purchasers and their associates—

"shall be entitled to have and exercise all the privileges and franchises held by such corporation, and shall be deemed and taken to be the true owners of its corporate rights, and to be corporators vested with all the rights, * * * conferred by law or the statutes of this State upon such corporations, in the same manner, and to the same extent, as if they were the original corporators at the formation of such corporation; and they shall, within thirty days after such sale shall become absolute, file articles of association."

There is no express provision of law to which I have been referred, or which I have discovered, for the sale by a corporation of its property and franchises to an individual for the purpose of ending the corporate life, none permitting a corporation to voluntarily wind up its affairs except by a proceeding in court. Read in connection with the general provisions which have been referred to, the language in sections 12 and 21 of Act No. 232, Pub. Acts 1903, cannot be construed as conferring any power to dissolve a corporation. It must be held, therefore, that the Bialy Hardware & Supply Company is not dissolved. *Calkins* v. *Bump,* 120 Mich. 335, 342 (79 N. W. 491). This being so, it would appear that complainant has a valid judgment against it, since it was subject to be sued, and its failure to elect officers resulted in continuing the old officers in power. There was proper service of the summons, and the justice acquired jurisdiction to render the judgment which was rendered.

To find that the Bialy Hardware & Supply Company has a legal existence—has not been dissolved—is not to find that it is legally or equitably the owner of any property, or that the sale of its property to defendant Bialy was fraudulent and ought to be set aside. In a proper case the court has power—

"to decree satisfaction of the amount remaining due on such judgment, out of any property, money, or other things in action belonging to the defendant, or held in trust for him, * * * which shall be discovered

by proceedings in chancery whether the same were originally liable to be taken in execution at law or not." 1 Comp. Laws, § 437 (4 How. Stat. [2d Ed.] § 11954).

Under 3 Comp. Laws, § 9760, upon the petition of the judgment creditor the court—

"may sequestrate the stock, property, things in action and effects of such corporation, and may appoint a receiver of the same."

The judgment debtor has no property. Complainant requires for his relief the setting aside, as to him, of the sale of the property of the judgment debtor to defendant Bialy. It is one of appellant's contentions that the sale was not fraudulent, and therefore cannot be disturbed. Assuming that in any case such relief may be given upon a judgment creditor's bill, or under the statute above referred to, it is necessary to look more closely at the nature of his demand, since his judgment was obtained nearly two years after the sale of the corporate assets.

It appears that all debts of the judgment debtor were paid before the attempted voluntary dissolution of the corporation. In the year 1905 the corporation sold to complainant goods, roofing, valued at $97, upon which $20 was paid in October, 1905. In 1907, on January 24th, it addressed a letter to complainant about this account, insisting upon payment. This letter was received by complainant, who on January 31st paid an additional sum of $50 and took a receipt, reading as follows:

"BAY CITY, MICH., Jan. 31, 1907.
"Received of H. W. Simms fifty dollars to apply account due. Balance $27.00 to be paid when the roof is repaired or to be leak tight.
"Yours truly,
"BIALY HDWE. & SUPPLY CO.,
"By R. C. BIALY."

Later, complainant paid the balance of $27. In the

letter of January 24, 1907, the judgment debtor said to complainant, among other things:

"You certainly cannot expect to hold back $77 for about one hour's work, which it would take to remedy the small leak in this roof which you seem to claim there is.  We made no,guaranty upon this roof any further than to finish it complete when it was put on. This we have done, and no matter if the roof is paid for, we should feel in duty bound to make the roof tight no matter how many times we would have to go to do it.  You have our goods and material, and we are entitled to the money.

"The guaranty has no strength unless the roof is paid for, and you cannot call upon us to remedy the defect until you have paid the bill, as the guaranty, if any was made, would protect you only so far after you have paid the account.  If you will pay the account, we will give you a written guaranty that we will make the roof tight, as we are perfectly good for this.  We think this all you could ask, as you know we could not get upon the roof now and do anything, while the weather is so cold, but we will have the man make this defect good as soon as the weather will permit.

"We want to do what we can to please you, but we do not like the arbitrary stand you take with holding our money and holding our goods also.

"We will wait until Monday, the 28th, and if you decide by that time not to pay the account, we will proceed to collect it."

It appears, therefore, that at some time after January 31, 1907, complainant paid a balance of account, which was to be paid only when "the roof is repaired or to be leak tight," and that more than six years after January 31, 1907, he began his suit in assumpsit against the judgment debtor, securing a judgment in September, 1913, presumably on account of the transaction to which the said letter and the said paid account relate.  Complainant testified that in June, 1911, he stated to defendant Bialy that he had a claim for damages on account of a defective roof.  Mr. Bialy

187 Mich.—25.

testified that he heard nothing about the claim until about a year after the attempted dissolution of the corporation. We have no further information upon the subject. It is hardly conceivable that the judgment debtor intended to defraud complainant, who had at most an unliquidated demand, if any demand, at the time the sale of corporate assets was made. There was no purpose of defrauding creditors generally because all debts of the concern were paid. There is no question of the good faith of the corporate officers or of defendant Bialy, who acted upon legal advice and whose notice was accepted by the secretary of State. Notice of the sale of corporate assets was at once published.

The judgment debtor has no legal or equitable interest in any property. I perceive no reason for holding that as to complainant the sale of its assets was invalid, or that the purchaser is a trustee for his benefit.

The decree should be reversed and bill dismissed, with costs of both courts to appellant.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.